**YAN PI WU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40527–ag.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Karen Jaffe, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Sidney P. Alexander, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Pi Wu, a native and citizen of the People's Republic of China, seeks review of an August 28, 2003 order of the BIA affirming the January 8, 2002 decision of Immigration Judge ("IJ") William C. Peterson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Pi Wu*, No. A77–292–848 (B.I.A. Aug. 28, 2003), *aff'g* No. A77–292–848 (Immig. Ct. N.Y. City Jan. 8, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, the IJ based the adverse credibility determination in large part on discrepancies between Wu's testimony and the statements he made during his airport interview. We find that in this case, the IJ reasonably relied on Wu's airport interview statements. Accordingly, substantial evidence supports the IJ's conclusion that Wu was not credible, where Wu omitted any reference to Falun Gong in his interview, and stated instead that he had come to the United states to visit family and to find work. These discrepancies go to the heart of Wu's claim, and are not minor, isolated or immaterial.

In addition, the IJ reasonably relied on Wu's failure to provide testimony or a statement from his family in the United States. Because Wu's testimony was not otherwise credible, the IJ was not required to identify or explain the availability of Wu's missing evidence. *See Zhou Yun Zhang*, 386 F.3d at 78. Moreover, Wu's admission that his uncle knew about his situation in China further supports the IJ's conclusion that his failure to provide testimony from him undermined his claim. We further note that the IJ also considered, and reasonably rejected, Wu's explanations

that his uncle could not testify because he was hard of hearing.

Finally, Wu did not raise a withholding of removal or CAT claim before this Court, and we therefore deem that these issues are waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).